IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § <br> HARD MIRE RESTAURANT § <br> HOLDINGS, LLC, § <br> § <br> Debtor. § <br> _____ § <br> § <br> HARD-MIRE RESTAURANT § <br> HOLDINGS, LLC, § <br> § <br> Appellant, § <br> § <br> v. § <br> § <br> JH ZIDELL PC, § <br> § <br> Appellee. § | Civil Action No. 3:19-CV-2263-K |

## MEMORANDUM OPINION AND ORDER

Appellant Hard-Mire Restaurant Holdings, Inc. appeals from an order and corresponding memorandum opinion of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division in Appellant's Chapter 11 bankruptcy proceeding which awarded attorneys' fees and costs to Appellee JH Zidell PC. The Court has carefully reviewed the parties' briefing, the appellate record, and the applicable law. For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's order and memorandum opinion awarding reasonable attorneys' fees and costs to Appellee.

I.      **Factual and Procedural Background**

On January 18, 2016, Plaintiff-Claimant Jose Jorge Dominguez ("Mr. Dominguez") sued Appellant Hard-Mire Restaurant Holdings, Inc. ("Appellant"), his former employer, in federal district court for unpaid overtime wages in violation of the Fair Labor Standards Act (the "FLSA"). Mr. Dominguez was represented by Appellee J.H. Zidell, P.C. ("Appellee") in the FLSA action. Shortly before the second trial setting in the district court for May 7, 2018, Appellant filed a Chapter 11 bankruptcy petition.

In the adversary proceeding in the Bankruptcy Court, Mr. Dominguez filed a Proof of Claim ("POC 6") for damages related to his unpaid overtime wages totaling $101,253.75. Appellee also filed a Proof of Claim ("POC 7") for pre-petition attorneys' fees and costs totaling $25,000. Both POC 6 and 7 were filed on August 23, 2018. The Bankruptcy Court fixed September 5, 2018, as the bar date. Appellant filed an Objection to POC 6 and to POC 7 on March 11, 2019. Appellant denied that any violation of the FLSA had occurred as to Mr. Dominguez and objected to Appellee's claim until the Bankruptcy Court determined the amount, if any, owed to Mr. Dominguez for his FLSA claim and, consequently, any attorneys' fees and costs owed to Appellee.

The Bankruptcy Court conducted an evidentiary hearing on Appellant's Objection on June 12, 2019, and issued a memorandum opinion with its findings on July 25, 2019. The Bankruptcy Court found that Mr. Dominguez was not an employee who was exempt from the FLSA overtime pay requirements and that he was entitled to

overtime pay. Furthermore, the Bankruptcy Court stated that it "cannot find that the [Appellant's] FLSA violations were in good faith and that there was an objectively reasonable basis for the violations." Based on its factual findings and legal conclusions, the Bankruptcy Court overruled Appellant's Objection to POC 6 in part and allowed Mr. Dominguez's claim for damages under the FLSA in the reduced amount of $19,357.64. The Bankruptcy Court then concluded that Mr. Dominguez would be entitled to attorneys' fees and costs because he was awarded damages under the FLSA, and this would be determined in a separate opinion.

Appellee filed a Verified Motion for Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 216(b) (the "Verified Motion") seeking fees and costs totaling $101,505.42. Appellant filed a response in opposition. The Bankruptcy Court addressed the fees motion in a memorandum opinion: (1) finding Mr. Dominguez was entitled to an award of reasonable attorneys' fees and costs pursuant to the FLSA; (2) concluding the requested pre-petition fees were limited to $25,000.00 as claimed in POC 7; (3) determining the reasonableness of the requested attorneys' fees; and (4) assessing which costs were recoverable. The Bankruptcy Court ultimately found Appellee should be awarded reasonable attorneys' fees and costs in a reduced amount of $64,099.20, which was reflected in a separate order. It is the memorandum opinion and the order awarding reasonable fees and costs from which Appellant appeals.

## II. Applicable Legal Standards

In an appeal from a bankruptcy court, the district court applies the same standard of review used by federal appellate courts. This Court reviews the bankruptcy court's factual findings for clear error, with proper deference to the bankruptcy court's opportunity to make credibility determinations. *See In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *In re Perez*, 954 F.2d 1026, 1027 (5th Cir. 1992)). The Court reviews the bankruptcy court's conclusions of law *de novo*. *In re Dennis*, 330 F.3d at 701. A bankruptcy court's award of attorneys' fees is reviewed for an abuse of discretion. *In re Woerner*, 783 F.3d 266, 270 (5th Cir. 2015); *see Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) (district court's award of attorneys' fees under FLSA reviewed for abuse of discretion). "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard [, reviewed de novo,] or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous." *Id.* at 270-71 (internal quotation omitted).

## III. Issues on Appeal

In its Notice of Appeal, Appellant identified seven appellate issues:

Issue 1: Whether the Bankruptcy Court erred as a matter of law in holding that 29 U.S.C. § 216(b) mandates the award of post-petition attorneys' fees and costs to a prevailing plaintiff in a proceeding under Title 11, United States Code.

Issue 2: Whether the Bankruptcy Court erred as a matter of law in allowing the claim of Appellee in an amount in excess of $25.000.00 (i.e., the original amount set forth in Appellee's Claim No. 7).

Issue 3: Whether the Bankruptcy Court erred as a matter of law in awarding attorneys' fees and costs to Appellee in connection with the unsecured claim (Claim No. 6) of Jose Jorge Dominguez.

Issue 4: Whether the Bankruptcy Court erred as a matter of law in awarding post-petition attorneys' fees and costs to Appellee without the filing of the appropriate motions under 11 U.S.C. §§ 502 and 506(b).

Issue 5: Whether the Bankruptcy Court erred as a matter of law in not requiring Appellee to seek estimation of its Claim under 11 U.S.C. § 502.

Issue 6: Whether there was sufficient evidence as to the reasonableness of the Appellee's attorney [sic] fees and costs under the factors and reasonableness standards of *Johnson v. Ga. Highway Express, Inc.*

Issue 7: Whether the total amount of attorneys' fees and costs was reasonable in light of the amount of the allowed overtime claim (Claim No. 6) of Jose Jorge Dominguez.

In its appellate brief, Appellant states that "further review of the record, and the Memorandum Opinion entered by the Bankruptcy Court, clearly indicate that the issues to be determined by this Court can be summarized as the following three (3) overall arguments:"

>Summarized Issue 1:  Where the Appellee failed to file an amendment to, or to other [sic] request to amend, POC #7 to account for the post-petition attorneys' fees claimed to have been incurred by Dominguez in connection with his FLSA claim, the Bankruptcy Court erred in awarding Appellee an additional amount of attorneys' fees in excess of the original amount of the POC #7.
>
>Summarized Issue 2:  Since Dominguez is undisputedly a holder an [sic] unsecured claim under the United States Bankruptcy Code against the Appellant, the Bankruptcy Court abused its discretion in *sua sponte* amending POC #7 after the proof of claim filing deadline and therefore erred in awarding Appellee its post-petition attorneys' fees of $34,292.70 for Dominguez's FLSA claim.
>
>Summarized Issue 3:  The Bankruptcy Court's findings that the attorneys' fees incurred by Appellee on behalf of Dominguez were reasonable are clearly erroneous.

For the following reasons, the Court concludes that Appellant waived certain appellate arguments and, on the issues not waived, that the Bankruptcy Court did not err in awarding Appellee reasonable attorneys' fees and costs.  Accordingly, the Court **AFFIRMS** the Bankruptcy Court's award of reasonable attorneys' fees and costs to Appellee totaling $64,099.20.

IV.     **Analysis**

The Court will address Appellant's three summarized issues on appeal as those are the issues presented in its appellate brief. As for any remaining issues identified in the Appellant's Statement of Issues on Appeal but not addressed in Appellant's brief, the Court finds Appellant abandoned these arguments and they are, thereby, waived.

A.     **Summarized Issues 1 and 2**

> Summarized Issue 1—Where the Appellee failed to file an amendment to, or to other request [sic] to amend, POC #7 to account for the post-petition attorneys' fees claimed to have been incurred by Dominguez in connection with his FLSA claim, the Bankruptcy Court erred in awarding Appellee an additional amount of attorneys' fees in excess of the original amount of the POC #7.
>
> Summarized Issue 2—Since Dominguez is undisputedly a holder an [sic] unsecured claim under the United States Bankruptcy Code against the Appellant, the Bankruptcy Court abused its discretion in *sua sponte* amending POC #7 after the proof of claim filing deadline and therefore erred in awarding Appellee its post-petition attorneys' fees of $34,292.70 for Dominguez's FLSA claim.

The Court will address Summarized Issues 1 and 2 together.

1.     **Waiver**

At the outset, the Court concludes that Appellant waived certain arguments. Appellant's Summarized Issue 2 seeks appellate review of the Bankruptcy Court's *sua sponte* amendment to POC 7 after the claim deadline. In its Statement of Issues on Appeal, Appellant did not raise or identify any appellate issue of a *sua sponte* amendment to POC 7 by the Bankruptcy Court; therefore, this argument is waived and will not now be considered. *See In re GGM, PC*, 165 F.3d 1026, 1031 (5th Cir. 1999)

(appellant's failure to include issue in statement of issues to be presented on appeal resulted in waiver of issue); *In re Tex. Mortg. Servs. Corp.*, 761 F.2d 1068, 1074 (5th Cir. 1985) (appellant waived issue it did not identify in her amended statement of issues on appeal which provides notice to the appellee of the arguments appellant intends to assert on appeal).

Next, Appellant also waived its arguments in Summarized Issue 1 that Appellee failed to file an amendment to, or request to amend, POC 7 to account for the post-petition fees. Based on the record before the Court, Appellant did not sufficiently object on either basis to the Bankruptcy Court. In its response to Appellee's Verified Motion, Appellant stated, "Here [Appellee] filed its Proof of Claim asserting a claim in the amount of $25,000. The proof of claim was never amended and the deadline for filing [sic] proof of claim along with the Effective Date of the Plan have long passed." Appellant then addressed the pre-petition fees and costs Appellee submitted which, Appellant argued, could have been determined when POC 7 was filed, but were not included. As for the requested fees and costs incurred post-petition, Appellant argued unsecured creditors are not entitled to post-petition fees and costs.

"The rule requiring litigants to properly present and brief the grounds for claims, defenses, or objections has long been recognized." *MaddenSewell, LLP v. Mandel*, 498 B.R. 727, 729 (E.D. Tex. 2013). Failure to properly raise an argument with the bankruptcy court "to such a degree that the trial court may rule on it" results in waiver of the argument. *In re ValuePart, Inc.*, 802 F. App'x 143, 149 (5th Cir. 2020). Appellant

submits that Appellee is not entitled to any award above the $25,000 claim in POC 7 because Appellee failed to amend, or otherwise request to amend (e.g., seek an order estimating post-petition fees and costs), its POC 7.  The appellate record establishes that these arguments were certainly not raised to the Bankruptcy Court "to such a degree" that the Bankruptcy Court would be pressed to rule on it.  *See MaddenSewell*, 498 B.R. at 729 ("In order to properly preserve an argument for appeal, the argument must be pressed, and not merely intimated.  In short the argument must be raised to such a degree that the trial court may rule on it.").  Appellant has forfeited its arguments as to Appellee's failure to amend, or to otherwise request to amend, its POC 7 as to the post-petition fees and costs.

Finally, Appellant also waives its arguments related to Appellee's failure to amend, or request to amend, POC 7 as well as its argument the Bankruptcy Court erred in amending POC 7 *sua sponte* because Appellant failed to cite any authority in support of its arguments.  *See In re Pequeno*, 240 F.App'x 634, 637 (5th Cir. 2007); *L&A Contracting Co. v. Southern Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (appellant's argument on attorneys' fees was "considered abandoned for being inadequately briefed" where appellant cited no authority in support of its argument). In the entirety of its argument on these points, Appellant cites no caselaw, federal rule, or statute in support of its conclusory statements that Appellee was required to amend POC 7, or seek an estimation of post-petition fees, under these facts or that the Bankruptcy Court somehow amended POC 7 *sua sponte*.  (To be fair, Appellant does

cite Bankruptcy Rule 3001(f) and a bankruptcy case for the rule that a proof of claim filed in accordance with the rules is *prima facie* evidence of the validity and amount of the claim; but neither supports these arguments Appellant attempts to advance.) Appellant also fails to cite the Court to any portion of the appellate record in support of these arguments.  "Generally speaking, a[n] [appellant] waives an issue if he fails to adequately brief it. . . . [A] brief must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and . . . for each issue, a concise statement of the applicable standard of review."  *In re Campbell*, 398 F. App'x 1 (5th Cir. 2010) (internal quotations omitted).

For all the foregoing reasons, Appellant's arguments as they relate to Appellee's failure to amend its POC 7, Appellee's failure to otherwise request to amend its POC 7 (e.g., seek an order estimating post-petition fees and costs for purposes of an amendment), and a *sua sponte* amendment of POC 7 by the Bankruptcy Court are hereby waived.

2. <u>Award of Reasonable Attorneys' Fees Above POC 7 on Unsecured Claim</u>

The Court concludes Appellant did not waive its arguments in Summarized Issues 1 and 2 as they pertain to the Bankruptcy Court's award of reasonable attorneys' fees incurred post-petition (1) in an amount above that requested in POC 7 and (2) in light of Mr. Dominguez holding an unsecured claim.  Accordingly, the Court turns to those issues.

This award of reasonable attorneys' fees and costs was made under 28 U.S.C. § 216(b) as Mr. Dominguez prevailed on his FLSA claim against Appellant. In its Verified Motion, Appellee requested attorneys' fees and costs incurred both pre-petition and post-petition, totaling $105,505.42. In its Memorandum Opinion, the Bankruptcy Court first addressed Appellant's objection that Mr. Dominguez was not entitled to recover post-petition fees as an unsecured creditor and that the Verified Motion was an "attempt[ ] to bootstrap fees and expenses incurred after the filing of the Bankruptcy case." The Bankruptcy Court overruled Appellant's objection, stating that Appellant had disregarded the mandatory language of § 216(b) in its response to Appellee's Verified Motion.

The Bankruptcy Court turned to the request of fees incurred pre-petition and did so in the context of Appellee's POC 7 for $25,000.00, which had not been amended. Appellant requested an additional $12,791.00 in pre-petition attorneys' fees above the $25,000 claim in POC 7. The Court considered the applicable factors in deciding whether to allow an amended claim as to these additional pre-petition fees. *See In re Dortch*, No. 07-45041-DML-13, 2009 WL 6764538, at *2 (Bankr. N.D. Tex. 20090. The Bankruptcy Court found the applicable factors weighed against an amendment to POC 7 as to the additional fees totaling $12,791.00 and disallowed the entire amount. (The Bankruptcy Court allocated all $25,000.00 to attorneys' fees because POC 7 "did not distinguish between fees and expenses.") The Bankruptcy Court found that Appellee was in possession of all the information necessary to file an

accurate claim for the pre-petition fees which were all incurred before Appellee filed POC 7.  As a result, the Bankruptcy Court concluded POC 7 had an "estoppel effect" as it pertained to the pre-petition fees portion of the award under § 216(b).  The Bankruptcy Court unequivocally disallowed pre-petition fees above the original stated claim for $25,000 in POC 7 and refused to allow an amendment to POC 7 for additional fees incurred pre-petition in making its award of reasonable attorneys' fees and costs.

The Bankruptcy Court then determined the reasonableness of the requested fees, both pre-petition and post-petition, as well as the allowable costs.  The Bankruptcy Court ultimately awarded Appellee $64,099.20 in fees and costs—$25,000.00 in reasonable pre-petition fees as claimed in POC 7, $34,292.70 in reasonable post-petition fees, and $4,806.50 in costs.  The Bankruptcy Court made this award pursuant to the mandatory language of § 216(b), as Mr. Dominguez was the prevailing party on his FLSA claim against Appellant.

The Court reviews the Bankruptcy Court's conclusion of law *de novo*.  *See In re Dennis*, 300 F.3d at 701.  Having reviewed the appellate record and the briefing, the Court concludes § 216(b) mandates the award of reasonable attorneys' fees and costs to Mr. Dominguez, the prevailing party, and the Bankruptcy Court did not err in making this determination.

>  *a.       Post-Petition Fees and Costs on Unsecured Claim*

Appellant advances the argument on appeal that unsecured creditors are not entitled to recover post-petition fees and costs "based solely on the fact that the fees at issue were incurred litigating these issues after the filing of the bankruptcy proceeding." But that argument is flawed for two reasons. First, despite Appellant's assertion to the contrary, there is no general rule disallowing attorneys' fees that are incurred post-petition. Second, even if there were, that is not the situation at hand. The Verified Motion does not seek these fees and costs merely because they were fees and costs incurred post-petition; the Verified Motion clearly sets forth the statutory (and mandatory) basis for Appellee seeking these fees and costs. Further, the Bankruptcy Court awarded the reasonable fees and costs as mandated by the FLSA and not, as Appellant says, "based solely on the fact that the fees at issue were incurred litigating these issues after the filing of the bankruptcy proceeding."

Appellant argues that "[i]t is well settled under bankruptcy law that unsecured creditors are not entitled to post petition attorneys' fees." That is not, however, an accurate characterization of the relevant law. "A majority of courts have held that, unlike a secured creditor, an unsecured creditor is not entitled to collect post-petition attorneys' fees . . ., *notwithstanding the existence of a contractual obligation or statutory right to do so.*" *In re New Power Co.*, 313 B.R. 496, 506 (Bankr. N. D. Ga. 2004). This follows the "American Rule", the principle established in the late 18th century that is the "point of reference when considering the award of attorney's fees": "Each litigant pays

his own attorney's fees, win or lose, *unless a statute or contract provides otherwise*." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015).  "[T]hese statutory changes to [the American Rule] take various forms," but "they tend to authorize the award of a reasonable attorney's fee, fees, or litigation costs, and usually refer to a prevailing party in the context of an adversarial action." *Id.* (internal quotations omitted).  "This [American Rule] is obviously applicable to the bankruptcy courts as well." *In re Fox*, 725 F.2d 661, 662 (11th Cir. 1984).

Mr. Dominguez's claim was based on Appellant's failure to pay him overtime in violation of the FLSA.  The language of § 216(b) provides, in relevant part, "The court in such action [for unpaid overtime] *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." 28 U.S.C. § 216(b) (emphasis added).  Appellee, by virtue of Mr. Dominguez prevailing on his FLSA claim, is entitled to reasonable attorneys' fees and costs, and Appellant is required to pay them.  *See id.*

Appellant cites no caselaw, and the Court could find none, for the premise that simply because Mr. Dominguez has an unsecured claim, Appellee is not entitled to reasonable attorneys' fees and costs under the clear mandatory language of § 216(b).  In its appellate brief, Appellant continues to turn a blind eye to the court's obligation under § 216(b) and focuses instead on the absence of a Bankruptcy Code provision or other statute allowing generally an award of fees and costs that were incurred post-petition.  But Appellant misses the mark with this argument.  The Court does not find

any relevant provision of the Bankruptcy Code prevents the award in this case under these specific facts. *See also In re New Power Co.*, 313 B.R. at 507 (finding that "nothing in the [Bankruptcy] Code prevents an unsecured creditor from asserting an unsecured claim for post-petition attorneys' fees to which the creditor has a contractual or statutory right."). The Court finds that the Bankruptcy Court did not err in awarding reasonable attorneys' fees and costs under § 216(b) because Mr. Dominguez had an unsecured claim.

Furthermore, in its brief, Appellant provides no argument, let alone authority, for the suggestion that the Bankruptcy Court should have, or could have, refused to follow the mandatory language of § 216(b). "A federal bankruptcy court, like a federal district court, is bound to apply federal laws as they have been interpreted by the Court of Appeals in the circuit where it sits." *In re ASARCO LLC*, No. 05-21207, 2009 WL 8176641, at *24 (Bankr. S.D. Tex. June 5, 2009)(quoting *Montgomery Cty. v. Metromedia Fiber Network, Inc.*, 326 B.R. 483, 489 (S.D.N.Y. 2005)). It is well-established in the Fifth Circuit that § 216(b) mandates reasonable attorneys' fees and costs when a court finds an employer has violated the FLSA. *Steele.*, 826 F.3d at 249; *see Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 429 (5th Cir. 1987) ("A successful FLSA claim carries with it the recovery of attorneys' fees."). Moreover, "[a]lthough the district court has discretion to determine what is reasonable, the court does not have discretion to decline to award attorney's fees to a prevailing party without making such a determination." *Steele*, 826 F.3d at 249. Appellant makes no argument compelling

this Court to conclude that § 216(b) did not require the Bankruptcy Court to award reasonable fees and costs to Mr. Dominguez as the prevailing party and/or that the Bankruptcy Court should have declined to follow the mandatory language of § 216(b). The Bankruptcy Court did not err in finding § 216(b) required the court to award reasonable fees and costs in addition to the damages Mr. Dominguez was awarded arising from his FLSA claim.

### b.   Award Above $25,000.00 Claimed in POC 7

Appellant also argues that the award improperly included fees and costs above the $25,000.00 claimed in POC 7.  In light of the foregoing analysis, it follows that the Bankruptcy Court did not err in awarding reasonable fees and costs above the $25,000.00 stated in POC 7.  The applicable federal law, as enacted by Congress, compelled the Bankruptcy Court to award reasonable fees and costs to Appellee as Mr. Dominguez prevailed on his FLSA claim.  The Bankruptcy Court followed this mandate. Just as it did before the Bankruptcy Court, Appellant continues to ignore the mandatory language of § 216(b) in its appellate arguments.  Appellant fails to submit any argument or case law to support its suggestion that the Bankruptcy Court was not permitted to award any attorneys' fees or costs above the $25,000.00 stated in POC 7 despite the clear requirement of § 216(b).  Instead, Appellant continues to argue that Appellee is not entitled to "bootstrap" post-petition attorneys' fees and costs onto POC 7 which lists only fees incurred pre-petition and where Mr. Dominguez holds an unsecured claim.  Appellant fails on this issue as well, and the Court concludes the

Bankruptcy Court did not err in awarding Appellee reasonable attorneys' fees and costs above $25,000.00 stated in POC 7.

   c. *Conclusion*

The Court concludes that the Bankruptcy Court correctly found that Appellant is statutorily obligated to pay the reasonable attorneys' fees and costs incurred by Mr. Dominguez pursuant to 28 U.S.C. § 216(b).  The Bankruptcy Court did not err in awarding Appellee the reasonable attorneys' fees and costs that Mr. Dominguez, the prevailing part, incurred, including those fees and costs incurred post-petition and despite Mr. Dominguez holding an unsecured claim.  Moreover, the Bankruptcy Court did not err in awarding reasonable fees and costs pursuant to § 216(b) that were above the $25,0000 claim in POC 7.

**B.** **Summarized Issue 3**

<u>Summarized Issue 3—Are the Bankruptcy Court's findings that Mr. Dominguez's attorneys' fees were reasonable clearly erroneous?</u>

The Court concludes that Appellant waived this argument.  Before the Bankruptcy Court, Appellee filed a Verified Motion for Attorneys' Fees and Costs on behalf of its client, Mr. Dominguez, after the hearing on his claim for damages under the FLSA.  Of the 19-page Verified Motion, approximately 13 pages were devoted to the applicable law and the attorneys' fees and costs Appellee sought, and detailed time records and invoices were submitted as exhibits in support. In its 5-page response to the Verified Motion, Appellant's argument as to the reasonableness of the requested fees was simply that "[o]nce the Court determines the amount of any claim to Mr.

Dominguez, the Court would need to review the amount of any award to [Appellee] under the lodestar criteria, especially the amount of work involved for the results obtained."  Appellant did not otherwise address the reasonableness of the fees requested by Appellee.  "The rule requiring litigants to properly present and brief the grounds for claims, defenses, or objections has long been recognized."  *MaddenSewell*, 498 B.R. at 729.  Failure to properly raise an argument with the bankruptcy court "to such a degree that the trial court may rule on it" results in waiver of the argument. *In re ValuePart, Inc.*, 802 F. App'x at 149; *see id.* ("Arguments not raised with the bankruptcy court cannot be pursued in an appeal of a bankruptcy court's order.") Appellant has forfeited its argument with respect to the Bankruptcy Court's finding as to reasonableness of the attorneys' fees.  Based on the appellate record, this argument was certainly not raised to the Bankruptcy Court, let alone "to such a degree" that the Bankruptcy Court would be pressed to rule on it.  *See MaddenSewell*, 498 B.R. at 729.

This argument is also waived because Appellant presents no argument in its brief on this issue with respect to the specifics of this case.  Appellant sets forth the applicable law and standards for awarding attorneys' fees and costs under the FLSA, and includes the *Johnson* factors used in determining the reasonableness of requested fees.  However, no where in its appellate brief, or even its reply brief, does Appellant actually address the Bankruptcy Court's analysis or even finding of reasonableness as to the attorneys' fees requested by Appellee.  Appellant does not cite to any specific findings made by the Bankruptcy Court in deciding the reasonableness of the fees, nor does Appellant

establish how any findings were clearly erroneous. "Generally speaking, a[n] [appellant] waives an issue if he fails to adequately brief it. . . . [A] brief must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and . . . for each issue, a concise statement of the applicable standard of review." *In re Campbell*, 798 F. App'x at 1 (internal quotations omitted).

For these reasons, Appellant waived its argument related to the Bankruptcy Court's finding the fees awarded to Appellee were reasonable.

### C. Remaining Appellate Issues

As previously noted, any remaining issues identified in Appellant's Statement of Issues on Appeal but not addressed in Appellant's brief are deemed abandoned by Appellant and are, thereby, waived. Furthermore, to the extent Appellant attempted to include an appellate argument on the status of its solvency or insolvency, Appellant did not raise or identify any such appellate issue in its Statement of Issues on Appeal; therefore, this argument is waived and will not now be considered. *See In re GGM, PC*, 165 F.3d at 1031 (appellant's failure to include issue in statement of issues to be presented on appeal resulted in waiver of issue); *In re Tex. Mortg. Servs. Corp.*, 761 F.2d at 1074 (appellant waived issue it did not identify in her amended statement of issues on appeal which provides notice to the appellee of the arguments appellant intends to assert on appeal).

## V.     Conclusion

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's order and memorandum opinion awarding Appellee reasonable attorneys' fees and costs in this case.

**SO ORDERED.**

Signed September 16th, 2020.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE